PHILLIP A. TALBERT
United States Attorney
ROGER YANG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SCHNEUR ZALMAN GETZEL ROSENFELD,<br><br>　　　　　　　Defendants. | CASE NO. 2:22-CR-00046-4 WBS<br><br>GOVERNMENT'S SENTENCING MEMORANDUM<br><br>DATE: November 4, 2024<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

　　　On June 24, 2024, the defendant pled guilty to a Second Superseding Information, charging one count of Misprision of a Felony in violation of 18 U.S.C. § 4.  There was a written plea agreement.  The government concurs in the probation officer's Sentencing Guideline calculations, and concurs in the recommended probation sentence.

**I.　　FACTS**

　　A.　Offense conduct

　　The defendant had a discussion with Person 1 in 2019 in which Person 1 told the defendant that he was involved in collections for a business which Person 1 described as being "not Kosher" and "like Vegas." The defendant told Person 1 that that was "not good" and that Person 1's work was a "golden jail."

　　Person 1 said that he had a problem because he wanted to buy a home for his family and keep his children in a religious private school but only received cash from the business and could not use the

business as a reference when he purchased the home. The defendant, wanting to help Person 1, agreed to assist him.

Between approximately May 2019 and January 2021, Person 1 delivered cash to the defendant in exchange for the defendant's checks made payable to Person 1 and, on other occasions, the defendant made direct deposits in Person 1's account from the defendant's company, Corporation 1, in exchange for cash, while identifying the deposits as "salary."

When Person 1 applied for the mortgage to purchase his house in North Hollywood, California, Person 1 told the bank that he was receiving a salary for his employment with Corporation 1, which the defendant confirmed by letter.  Later, on or about August 5, 2020, through an exchange of cash proceeds which Person 1 had derived from the illegal gambling business, the defendant sent $150,000 by wire to the escrow company for Person 1's purchase of his house in North Hollywood, which Person 1 told the bank was a gift.

Based on the description Person 1 provided to the defendant that the cash collection was from a business activity "like Vegas," and the defendant's statements to Person 1 that the source of cash was "not good,"  and like a "golden jail," the defendant admits that he knew and deliberately ignored the fact that Person 1's source of such a large amount of cash was a federally illegal gambling business and that he did not, as he should have, notify a federal authority as soon as possible that Person 1 was engaged in that business.  Doc. 133.

B.  Statutory Sentencing Ranges

The maximum sentence for Count 1, Misprision of a Felony, is up to 3 years of incarceration, a fine of $250,000, a 1-year period of supervised release, and a special assessment of $100.  If the defendant violates supervised release, the Court may impose up to an additional 1-years of imprisonment.

C.  Probation calculations

The Probation Officer calculated the Sentencing Guideline Range as follows: a base offense level of 12 (USSG §§2X4.1(a); 2E3.1(a)(2)(C)); and a 9-level reduction for Misprision, with a minimum level of 4 (USSG §2X4.1(a)) for a total offense level of 4.  The defendant receives a 2-level reduction for acceptance of responsibility (USSG §3E1.1(a)) for a total offense level of 2.  With a Chapter Four

zero-point offender downward adjustment of 2-levels, his total offense level is 1. USSG Chapter 5, Part 1, cmt. n.2. The defendant's Criminal History Category is I. This results in a Sentencing Guideline Range of 0-6 months.

### D. The government's recommendation

The government concurs in probation's recommendation of a fine of $4,500. In addition, the government believes that it is not necessary to place the defendant on probation. The defendant was receiving significant cash from someone in an illegal gambling business, and concealing the income by claiming that Person 1 was an employee and providing a wire to help Person 1 buy a house with proceeds from the illegal gambling business. When confronted during an interview, the defendant initially kept up the pretense, but eventually admitted that Person 1 was not an employee. Given the amount of cash involved, a small fine of $4,500 is appropriate.

## II. CONCLUSION

Before the Court is a rabbi who became involved with an illegal gambling business and the cash proceeds from the business. When given an opportunity to report his knowledge regarding the business and cash, he did not. Given the defendant's relative culpability, the government does not believe that a custodial sentence is warranted, or that a term on probation is necessary. Therefore, the government recommends that the Court sentence the defendant to a $4,500 fine.

Dated: October 28, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ ROGER YANG
ROGER YANG
Assistant United States Attorney